Louis Vargas,
11901 Newgate Ave,
Port Charlotte FL 33981



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **LOUIS VARGAS**<br>    **Plaintiff,**<br><br>    vs.<br><br>**SGT. CRUZ (individual and official capacities), OFFICER CANO (individual and official capacities), CITY OF HARLINGEN**<br>    **Defendants,** | ) Index No<br>)<br>) **COMPLAINT FOR VIOLATIONS**<br>) **OF CIVIL RIGHTS, FALSE**<br>) **ARREST, EXCESSIVE FORCE,**<br>) **AND OTHER RELIEF**<br>)<br>) 3-25CV3107-N<br>)<br>) |

## COMPLAINT

**COMES NOW**, the Pro Se Plaintiff, **LOUIS VARGAS**, hereby files this Complaint against the above-named Defendants Sgt. Cruz (sued in her individual and official capacities), Officer Cano (sued in her individual and official capacities), and the City of Harlingen (collectively, 'Defendants'), and in support thereof states the following:

### I. INTRODUCTION

1. This is a civil action for damages and injunctive relief brought by Plaintiff Louis Vargas, who alleges violations of his constitutional and civil rights by Defendants Sgt. Cruz (in her individual and official capacities), Officer Cano (in her individual and official capacities), and the City of Harlingen (collectively, "Defendants"). These violations include false arrest, excessive force, and deprivations of Plaintiff's rights as protected under the Fourth and Fourteenth Amendments of the United States Constitution and applicable federal law.
2. Plaintiff sues Sgt. Cruz and Officer Cano in their individual capacities to hold them personally liable, as their actions violated clearly established law and they are not entitled to qualified immunity. Plaintiff sues the City of Harlingen for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), as the violations resulted from the City's policy, custom, or failure to train officers on proper detention during trespass warnings.
3. Plaintiff seeks compensation for the injuries and damages sustained as a result of Defendants' unlawful actions and omissions, as well as injunctive relief to prevent further violations of his constitutional rights.
4. At all times relevant to this complaint, Defendants were acting under color of state law and within the scope of their employment or official responsibilities. Their actions and omissions constituted a flagrant disregard of Plaintiff's fundamental rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.
5. This action is brought in accordance with the Civil Rights Act, specifically under 42 U.S.C. § 1983, for the redress of rights secured by the Constitution of the United States, and seeks both monetary damages and equitable relief for the injuries suffered by Plaintiff as a direct and proximate result of Defendants' unlawful conduct.
6. These actions by the Defendants constitute violations of the Plaintiff's civil rights as protected under 42 U.S.C. § 1983, which prohibits the deprivation of rights under color of law.
7. Plaintiff Louis Vargas is a resident of Florida, and at all relevant times, was acting lawfully and within his rights. The Defendants' actions, as will be further detailed in this complaint, were unwarranted, unjustified, and perpetrated without probable

cause of any lawful justification, thereby violating Plaintiff's rights and causing significant harm.

8. Plaintiff alleges that as a direct and proximate result of the Defendants' actions, he suffered physical, emotional, and psychological harm, as well as economic damages, including but not limited to medical expenses, pain and suffering, and loss of enjoyment of life.

9. Through this Complaint, Plaintiff seeks to hold Defendants accountable for their actions, to obtain redress for the harms suffered, and to ensure that such egregious violations of constitutional rights do not recur.

## II. STANDARD TO REVIEW THE PLEADINGS OF PRO SE LITIGANTS

10. That the Plaintiff is pro se litigant and has not engaged the attorney for further proceedings in this case. Thus, as far as the pleading standard of Pro Se litigants is concerned, I am always entitled to a less stringent view by this Honorable Court. Pro Se litigants are not supposed to be jurists; hence their pleadings are entitled to a kind and lenient standard of review by the courts. This is held time, and again in the judgments of the apex courts, some of which are quoted as under:

    > "Plaintiff is pursuing his claim pro se. As such, his pleadings are held to a less stringent standard than those of an attorney. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)."

    > "The Supreme Court has instructed federal courts to liberally construe the 'in artful pleading' of pro se litigants. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)."

    A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)".

11. **Therefore, in the light of the above-mentioned judgments, the Plaintiff as a Pro Se litigant, is entitled to a lenient review of their pleadings and seek the kind favor of this honorable court.**

## III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves a federal question, being an action arising under the Constitution and laws of the United States, specifically under the Civil Rights Act, 42 U.S.C. § 1983. This action also invokes the Court's supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13. Additionally, jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(a), as this action seeks redress for the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because the defendants are believed to reside in this district. Furthermore, the acts and omissions complained of herein have had a direct and significant impact upon Plaintiff within this district.

15. Plaintiff seeks injunctive and declaratory relief against Defendants, who acted under color of state law, for actions taken in the scope of their official capacities and within this district.

16. The relief sought herein is within the jurisdictional limits of this Court. Although Plaintiff now resides in Florida, venue remains proper as the events occurred in this district.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff, Louis Vargas, is a resident of Florida, was at all relevant times a law-abiding citizen, exercising his rights in a lawful manner. The events described herein occurred while Plaintiff was temporarily in Texas.

18. On January 1, 2024, Plaintiff was at Gold's Gym in Harlingen, Texas, located at 2000 S Expressway 83, Unit C12B, Harlingen, TX 78552, United States, which is within the jurisdiction of this Court. Plaintiff was there for the purpose of

delivering items for another member.

19. At approximately 3:55 p.m., Plaintiff was approached by Defendants Sgt. Cruz and Officer Cano, who were acting in their capacity as law enforcement officers for the City of Harlingen and under color of state law.
20. Plaintiff was informed that he was receiving a criminal trespass warning and was subsequently and without justification handcuffed and detained by Defendants Sgt. Cruz and Officer Cano.
21. Despite Plaintiff's inquiries, Defendants Sgt. Cruz and Officer Cano failed to provide a legitimate legal basis for his detention and handcuffing, thereby violating Plaintiff's Fourth Amendment rights.
22. Throughout the events, Plaintiff's rights to due process under the Fourteenth Amendment were continuously violated. Plaintiff was not provided with a reasonable explanation for his detention, nor was he given an opportunity to contest the allegations against him in a timely and fair manner.
23. At all times mentioned herein, Defendants Sgt. Cruz and Officer Cano acted intentionally, willfully, and with deliberate indifference to the constitutional rights of Plaintiff.
24. As a result of Defendants' actions, Plaintiff suffered physical injuries, emotional distress, and other compensable harms.
25. The actions of Defendants were not isolated incidents but are indicative of a larger pattern of behavior and misconduct within the Harlingen Police Department, stemming from the City of Harlingen's policies, customs, or failure to adequately train its officers on lawful detentions and arrests during trespass warnings.
26. Despite repeatedly asserting his rights and cooperating with the authorities, Plaintiff was met with hostility and retaliation from Defendants Sgt. Cruz and Officer Cano. This included false charges and threats of further legal action, intended to intimidate and punish Plaintiff for asserting his rights.
27. Furthermore, Plaintiff's property, including his smartphone, was seized without justification or legal authority. Plaintiff's phone contained evidence of the incident, and its seizure represents not only a violation of his Fourth Amendment rights but also an obstruction of justice.
28. The actions of the Defendants have caused Plaintiff significant and ongoing physical pain, emotional distress, and financial loss, including medical expenses and loss of income.
29. The conduct of the Defendants was willful, wanton, and taken in reckless disregard of Plaintiff's constitutional rights.
30. At all relevant times, the Defendants acted under color of state law and within the scope of their employment or official duties.
31. Plaintiff asserts that the actions and omissions of the Defendants, as detailed herein, were in violation of his constitutional rights as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.
32. Plaintiff further alleges that the conduct of the Defendants constitutes a violation of his civil rights under 42 U.S.C. § 1983.
33. The Plaintiff has exhausted all available administrative remedies and is now seeking judicial relief for the harms suffered as a direct result of the Defendants' unlawful actions.
34. As a result of these violations, Plaintiff has suffered and continues to suffer substantial damages for which he is entitled to compensation.
35. The Plaintiff asserts that the detention was unlawful, as no crime was being investigated or occurring at the time.
36. The absence of a complaint meant that the officers had no legal basis to demand identification from the Plaintiff during the detention.
37. The Defendants' actions constituted false arrest and false imprisonment as there was no valid legal justification for the Plaintiff's detention.
38. These actions by the Defendants constitute violations of the Plaintiff's civil rights as protected under 42 U.S.C. Section 1983, which prohibits the deprivation of rights under color of law.
39. The case brought against the Plaintiff was ultimately dismissed after the Defendants attempted to argue and engage in malicious prosecution. However,

they lost the legal argument with the Plaintiff's hired private lawyer, and the case was dismissed for lacking legal basis.

40. Upon his release, Plaintiff sought medical treatment for various injuries and conditions exacerbated by the events, including but not limited to injuries to his kidneys, hips, ribs, heart, head, neck, back, as well as anxiety, hearing issues, an eye twitch, and numbness and tingling in his left arm and toes.
41. Plaintiff's unlawful arrest and detention, and the subsequent treatment he received, have caused him significant and lasting physical and psychological harm, and have infringed upon his rights to liberty and security.
42. On the date in question, Defendants Sgt. Cruz and Officer Cano approached Plaintiff Louis Vargas without a valid complaint or ongoing crime investigation.
43. Instead of addressing a specific complaint or investigating a crime in progress, Defendants informed Plaintiff that he was to receive a criminal trespass warning.
44. Without lawful justification, Defendants proceeded to detain Plaintiff, placing him under arrest and subjecting him to handcuffing.
45. Notably, at the time of the detention, there was no complainant pressing charges, and no ongoing criminal activity. The actions of Defendants were initiated solely based on a trespass warning, which does not constitute a criminal offense.
46. The absence of a complaint and ongoing crime investigation renders the detention unlawful and constitutes false arrest and false imprisonment.
47. Plaintiff, being falsely detained and having committed no crime, was under no legal obligation to identify himself. Defendants' insistence on identification under these circumstances further compounds the false arrest and false imprisonment.
48. Had there been a complainant pressing charges, Defendants might have had a lawful basis to detain and question Plaintiff. However, in the absence of such circumstances, the detention was without legal basis, constituting an unlawful act.
49. The arrest was based solely on Plaintiff's refusal to identify himself during the issuance of a trespass warning, without lawful detention, reasonable suspicion of ongoing criminal activity, or probable cause for criminal trespass under Texas Penal Code § 30.05. Under Texas Penal Code § 38.02, there is no duty to identify unless lawfully arrested or detained, which was not the case here. Defendants Cruz and Cano violated clearly established law by arresting Plaintiff for failure to identify, as established in Turner v. Lieutenant Driver, 848 F.3d 678 (5th Cir. 2017) (no general duty to identify without reasonable suspicion of crime) and Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177 (2004) (arrest for failure to ID requires prior lawful stop under state law).
50. These actions were pursuant to the City of Harlingen's policy, custom, or failure to train officers on proper procedures for trespass warnings, leading to unlawful arrests without probable cause. This is not an isolated incident but part of a pattern of misconduct by Harlingen police.
51. As a result of this false arrest and false imprisonment, Plaintiff suffered significant harm, both physically and emotionally.
52. The case brought against the Plaintiff was ultimately dismissed for lacking legal basis. The Defendants, in continuing the prosecution despite its lack of legitimacy, engaged in malicious prosecution, causing the Plaintiff undue stress, expense, and the need to hire an attorney to rectify the situation.
53. The actions of Defendants, individually and collectively, were conducted with malice, intent to harm, or at the very least, a reckless disregard for Plaintiff's rights and wellbeing.
54. The conduct of Defendants, as alleged herein, was in violation of Plaintiff's rights as protected by the United States Constitution and amounts to gross negligence, willful misconduct, and intentional infliction of emotional distress.
55. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer substantial damages, including medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, and other economic and non-economic damages.
56. The Plaintiff, through this action, seeks to hold Defendants accountable for their unlawful conduct and to obtain redress for the violations of his constitutional rights and the damages sustained as a result thereof.

57. Plaintiff demands a trial by jury on all issues so triable.
58. All actions complained of herein were conducted within the jurisdiction of this Court.

## COUNT I: FALSE ARREST/IMPRISONMENT

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
60. This Count is asserted against Defendants Cruz, Cano, and the City of Harlingen and is brought under the Fourth Amendment to the United States Constitution, actionable through 42 U.S.C. § 1983.
61. The Fourth Amendment guarantees the right against unreasonable seizures, which includes protection against false arrest and imprisonment.
62. Defendant Officers arrested and detained Plaintiff without probable cause to believe that he had committed or was committing any crime, thereby violating his Fourth Amendment rights.
63. As a direct and proximate result of the Defendants' actions, Plaintiff was unlawfully restrained of his liberty.
64. The actions of the Defendants in arresting and detaining Plaintiff were without legal justification, were unreasonable under the circumstances, and constituted false arrest and false imprisonment.
65. As a result of the false arrest and imprisonment, Plaintiff suffered and continues to suffer damages, including physical and emotional pain and suffering, loss of liberty, and other compensable injuries.
66. Plaintiff seeks compensatory and punitive damages, as well as any other relief the Court deems just and proper.
67. Defendants Cruz and Cano are not entitled to qualified immunity, as the right to be free from arrest without probable cause for failure to identify during a trespass warning was clearly established (see Turner v. Lieutenant Driver, 848 F.3d 678 (5th Cir. 2017)).
68. The City of Harlingen is liable under Monell for its policy, custom, or failure to train causing these violations.
69. **Legal Support:**
    a. **42 U.S.C. § 1983: Provides a remedy for violations of constitutional rights under color of state law.**
    b. **Fourth Amendment to the U.S. Constitution: Protects against unreasonable searches and seizures.**
70. **Relevant Cases:**
    a. Graham v. Connor, 490 U.S. 386 (1989): Established that claims of excessive force in the course of an arrest should be analyzed under the Fourth Amendment's "reasonableness" standard.
    b. Tennessee v. Garner, 471 U.S. 1 (1985): Held that the Fourth Amendment prohibits the use of deadly force to prevent the escape of a fleeing suspect unless it is necessary and the officer has probable cause to believe the suspect poses a significant threat of death or serious physical injury to the officer or others.
    c. Dunaway v. New York, 442 U.S. 200 (1979): Expanded the definition of "seizure" under the Fourth Amendment to include situations where a person is taken into custody for questioning without probable cause for an arrest.

## COUNT II: EXCESSIVE FORCE AND ASSAULT

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
72. This Count is asserted against Defendants Cruz, Cano, and the City of Harlingen and is brought under the Fourth Amendment to the United States Constitution, actionable through 42 U.S.C. § 1983.
73. The Fourth Amendment protects individuals from the use of unreasonable and excessive force by law enforcement officers.
74. Defendant Officers used excessive and unreasonable force against Plaintiff in the course of his arrest, including but not limited to improper handcuffing, in violation of his Fourth Amendment rights.
75. The force used by Defendant Officers was not proportional to any threat posed by

Plaintiff, was not necessary for any legitimate law enforcement purpose, and was applied maliciously for the purpose of causing harm.

76. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injuries, emotional distress, and other compensable harms.
77. Defendants Cruz and Cano are not entitled to qualified immunity, as the right to be free from excessive force during an arrest was clearly established (see Graham v. Connor, 490 U.S. 386 (1989); Kingsley v. Hendrickson, 576 U.S. 389 (2015)).
78. The City of Harlingen is liable under Monell for its policy, custom, or failure to train causing these violations.
79. **Legal Support:**
    a. **42 U.S.C. § 1983: Provides a remedy for violations of constitutional rights under color of state law.**
    b. **Fourth Amendment to the U.S. Constitution: Protects against unreasonable and excessive force by law enforcement.**
80. Relevant Cases:
    a. Graham v. Connor, 490 U.S. 386 (1989): Established the "objective reasonableness" standard for evaluating claims of excessive force, considering the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.
    b. Kingsley v. Hendrickson, 576 U.S. 389 (2015): Determined that the standard for judging an excessive force claim by a pretrial detainee is solely based on whether the force used was objectively reasonable, without regard to the subjective intent or motivation of the officers.

## COUNT III: VIOLATION OF CIVIL RIGHTS

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
82. This Count is asserted against Defendants Cruz, Cano, and the City of Harlingen and is brought under 42 U.S.C. § 1983 for the violation of Plaintiff's civil rights as protected under the United States Constitution, including but not limited to the Fourth and Fourteenth Amendments.
83. Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution and laws of the United States.
84. Plaintiff's Fourth Amendment rights were violated through unlawful arrest, detention, and the use of excessive force.
85. Plaintiff's Fourteenth Amendment rights were violated through the denial of due process by failing to provide a reasonable explanation for his detention or an opportunity to contest the allegations in a timely manner.
86. The City of Harlingen is liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), for its policy, custom, or failure to train causing these violations.
87. As a direct and proximate result of the Defendants' actions, Plaintiff suffered physical injuries, emotional distress, and other compensable harms.
88. Plaintiff seeks compensatory and punitive damages, as well as any other relief the Court deems just and proper.
89. **Legal Support:**
    a. **42 U.S.C. § 1983: Provides a remedy for the deprivation of constitutional rights under color of state law.**
        90. Relevant Cases:
    b. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978): Established that local governments can be sued under 42 U.S.C. § 1983 for civil rights violations resulting from their official policies or customs.
    c. Rochin v. California, 342 U.S. 165 (1952): Addressed the Fourteenth Amendment's due process clause, emphasizing that actions offending a sense of justice are unconstitutional.

## COUNT IV: NEGLIGENCE

90. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
91. This Count is asserted against Defendants Cruz, Cano, and the City of Harlingen

under Texas state tort law, pursuant to the Court's supplemental jurisdiction (28 U.S.C. § 1367).
92. Defendants owed a duty of care to Plaintiff to act in a manner that would not cause him harm. TFhis his arises from the Defendants' roles as law enforcement officers and the City's responsibility to ensure proper training and supervision of its officers.
93. Defendants breached this duty of care by failing to act in a reasonable and prudent manner under the circumstances, including but not limited to the unlawful arrest and use of excessive force.
94. As a direct and proximate result of the Defendants' breach of duty, Plaintiff suffered physical injuries, emotional distress, and other compensable damages.
95. The negligence of the Defendants was a substantial factor in causing harm to the Plaintiff.
96. Plaintiff seeks compensatory damages for the injuries and losses sustained as a result of the Defendants' negligence.
97. **Legal Support**:
   a. Negligence claims are governed by Texas tort law, requiring duty, breach, causation, and damages (per Nabors Drilling, U.S.A., Inc. v. Escoto, 288 S.W.3d 401 (Tex. 2009)).
98. **Relevant Cases:**
   **a. Daniels v. Williams, 474 U.S. 327 (1986): Held that mere negligence does not qualify for constitutional violations under 42 U.S.C. § 1983, supporting this claim's basis in state law.**
   **b. Palsgraf v. Long Island Railroad Co., 248 N.Y. 339 (1928): Established the principle of foreseeability in the context of duty of care.**

### COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Plaintiff Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
100. This Count is asserted against Defendants Cruz, Cano, and the City of Harlingen under Texas state tort law, pursuant to the Court's supplemental jurisdiction (28 U.S.C. § 1367).
101. Defendants' conduct was extreme and outrageous, transcending all bounds of decency and considered intolerable in a civilized society.
102. Defendants acted intentionally or recklessly, with the purpose of causing Plaintiff emotional distress or with the knowledge that such distress would likely result from their conduct.
103. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including anxiety, depression, trauma, and other significant mental anguish.
104. The emotional distress suffered by Plaintiff was severe enough that a reasonable person in a similar situation would be unable to adequately cope with it.
105. Plaintiff seeks compensatory damages for the severe emotional distress and mental anguish caused by the Defendants' actions, as well as any other relief the Court deems just and proper.
106. **Legal Support:**
   a. Texas law requires extreme and outrageous conduct, intent or recklessness, and severe emotional distress (per Twyman v. Twyman, 855 S.W.2d 619 (Tex. 1993)).
      108. Relevant Cases:
   b. Taylor v. Vallelunga, 171 Cal. App. 2d 107 (Cal. Ct. App. 1959): Demonstrated that for a claim of intentional infliction of emotional distress to be successful, the defendant's conduct must be extreme and outrageous.
   c. Harris v. Jones, 281 Md. 560 (1977): Highlighted the requirement for showing severe emotional distress in such cases.

### V. DEMAND OF JURY TRIAL
107. The Plaintiff demands that the instant action be tried before a jury.

## VI. SUBPOENA REQUEST

108. Plaintiff hereby requests the issuance of subpoenas for the production of documents and/or testimony relevant to this case.
109. Plaintiff requests that these subpoenas be served upon Defendants Sgt. Cruz, Officer Cano, and the City of Harlingen by the United States Marshals Service, in accordance with customary practices in cases brought before this Court and as previously instructed by the District Court in prior proceedings.

## VII. SERVICE OF COMPLAINT

110. Plaintiff requests that this Complaint and any subpoenas issued herein be served upon Defendants Sgt. Cruz (in her individual and official capacities), Officer Cano (in her individual and official capacities), and the City of Harlingen by the United States Marshals Service, as is customary in cases brought before this Court.
111. Service on Sgt. Cruz in her official capacity shall constitute service on the City of Harlingen, as she is a high-ranking officer of the Harlingen Police Department acting under color of state law. Plaintiff, as a pro se litigant, respectfully requests that the Court direct the U.S. Marshals Service to effectuate service on all Defendants to ensure compliance with Fed. R. Civ. P. 4, particularly given Plaintiff's intent to minimize service costs while holding all Defendants accountable.

## VIII. SUBMISSION AND PRAYERS FOR RELIEF

112. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
113. **WHEREFORE,** Plaintiff Louis Vargas respectfully submits this Amended Complaint against Defendants Sgt. Cruz (in her individual and official capacities), Officer Cano (in her individual and official capacities), and the City of Harlingen, and prays for the following relief:

a) A declaration that the actions of Defendants Sgt. Cruz and Officer Cano, including false arrest and false imprisonment, constitute violations of the Plaintiff's constitutional rights under 42 U.S.C. Section 1983.
b) Compensatory damages in the amount of $100 million against Defendants Sgt. Cruz and Officer Cano personally (as they are not entitled to qualified immunity for violating clearly established law) and the City of Harlingen jointly and severally, to adequately compensate the Plaintiff for the extensive harm, violations of rights, physical, emotional, and psychological injuries suffered, as well as for any economic losses including but not limited to medical expenses, lost wages, and loss of earning capacity and suffering endured as a consequence of the Defendants' actions, with 100% of such damages to be allocated to humanitarian causes and charitable organizations dedicated to promoting justice, civil rights, and equality.
c) Punitive damages against Defendants Sgt. Cruz and Officer Cano individually in an amount appropriate to punish them for their egregious conduct and to deter such conduct in the future, as provided for under 42 U.S.C. Section 1983.
d) An injunction ordering the City of Harlingen to cease all unconstitutional and illegal practices, including policies or customs that permit unlawful arrests without probable cause, and to implement policies and training to prevent future occurrences of such conduct.
e) An award of costs and expenses of this action, as allowed by law for pro se litigants.
f) Pre- and post-judgment interest on any monetary awards.
g) Any other relief that the Court deems just and proper.

Date: October 27, 2025

**Louis Vargas,**
**11901 Newgate Ave,**
**Port Charlotte FL 33981.**

11/8/25

